IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEPRIEST WILLIAMS,

    Petitioner,                    No. CIV S-08-2069 KJM DAD P

  vs.

D. K. SISTO,

    Respondent.            FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to former Governor Arnold Schwarzenegger's May 4, 2007 reversal of the December 6, 2006 decision by the California Board of Parole Hearings ("Board") granting him parole. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. Procedural Background

        Petitioner is confined pursuant to a judgment of conviction entered in the Los Angeles County Superior Court in 1987 for second degree murder. (Pet. at 1.) At that time, petitioner was sentenced to fifteen years to life in state prison. (Id.)

/////

1    On December 6, 2006, the Board conducted a parole suitability hearing to
2 determine whether petitioner should be granted a parole date. (Pet., Ex. D.) Petitioner appeared
3 at and participated in this hearing. (Id.) At the conclusion of the hearing, the Board panel
4 announced their decision to grant parole to petitioner and provided the reasons for that decision.
5 (Id.) On May 4, 2007, the Governor reversed the Board's decision with a statement of reasons
6 for that decision to deny parole. (Id., Ex. I.)

7    Petitioner challenged the Governor's reversal in a petition for writ of habeas
8 corpus filed in the Los Angeles County Superior Court on August 30, 2007. (Id., Ex. J.) That
9 petition was denied in a reasoned decision on October 27, 2007. (Id.) Subsequently, petitioner
10 challenged the Governor's decision to deny him parole in a petition for writ of habeas corpus
11 dated June 9, 2008, filed in the California Court of Appeal for the Second Appellate District.
12 (Answer, Ex. 3.) That petition was summarily denied on June 25, 2008. (Pet., Ex. K.) Petitioner
13 then filed a petition for review, dated June 28, 2008, in the California Supreme Court. (Answer,
14 Ex. 5.) That petition was summarily denied on August 20, 2008. (Pet., Ex. L.)

15    Petitioner then filed his federal application for habeas relief in this court. Therein,
16 petitioner contends that the Governor's 2007 reversal of the Board's decision to grant him parole
17 violated his right to due process because it was not supported by "some evidence" that he posed a
18 current danger to society if released from prison, as required under California law. (Pet. at 7, 12-
19 21.)

20 II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

21    The Due Process Clause of the Fourteenth Amendment prohibits state action that
22 deprives a person of life, liberty, or property without due process of law. A litigant alleging a
23 due process violation must first demonstrate that he was deprived of a liberty or property interest
24 protected by the Due Process Clause and then show that the procedures attendant upon the
25 deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson,
26 490 U.S. 454, 459-60 (1989).

        A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

        California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

        In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally

3

required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.[1] See also Pearson, 2011 WL 1238007, at *4.

III. Petitioner's Claims

Petitioner seeks federal habeas relief on the grounds that the Governor's 2007 reversal of the Board's decision to grant him parole, and the findings upon which that reversal was based, were not supported by "some evidence" as required under California law. Petitioner argues that the Governor reversed the Board's decision solely due to the gravity of his commitment offense. (Pet. at 7.) Petitioner also contends that the facts of his offense no longer constitute reliable evidence that he currently poses an unreasonable risk of danger to public safety and, therefore, that the Governor's decision was not supported by any relevant, reliable evidence. (Id. at 12-21.)

However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

   The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at the 2006 parole suitability hearing at which he was granted parole. (Pet. at 46.) The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons for the Board's suitability decision. (Id. at 48-164.) Petitioner received a written statement from the Office of the Governor which explained the reasons supporting the Governor's reversal of the Board's 2006 decision. (Id. at 190-92.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. This is true even though petitioner is challenging the Governor's reversal of the grant of parole, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61. It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition for federal habeas relief should be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: May 18, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
williams2069.hc